UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.: 3:22-cv-492-TJC-LLL

TYNESSA MOORE,

    Plaintiff,

v.

BANK OF AMERICA CORPORATION,

    Defendant.

_____/

**COMPLAINT FOR DISCRIMINATION
IN EMPLOYMENT BASED ON DISABILITY; VIOLATION OF THE FAMILY
MEDICAL LEAVE ACT; RETALIATION AND DISCRIMINATORY
DISCHARGE, AND DEMAND FOR JURY TRIAL**

Plaintiff, **Tynessa Moore**, brings this action seeking monetary damages, reinstatement, attorney's fees, costs, and other relief against Defendant, **Bank of America Corporation ("Bank"),** and alleges the following:

**NATURE OF ACTION**

1. This is an action brought by **Moore** against Defendant the **Bank** based on its discrimination in employment against her based on discriminatory discharge because of her disability in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA), and in violation of the Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq* ("ADA") and Chapter 760 of the Florida Civil Rights Act of 1992, as amended ("FCRA"); and based on Defendant's violation of the Family Medical Leave Act.

## JURISDICTIONAL AND VENUE

2. The jurisdiction of this Court is invoked under § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f).

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391, in that each cause of action arose in this district, and is also proper pursuant to Section 47.051. F.S..

## PARTIES

4  Plaintiff, **Moore**, is a female citizen of the United States and the State of Florida, City of Jacksonville, and County of Duval.

5. Defendant the **Bank** is an employer in an industry that affects commerce, and employs more than 15 employees for purpose of applicability of the FCRA and the Americans With Disabilities Act (ADA) of 1990, and more than 25 employees for purpose of applicability of Title VII of the Civil Rights Act of 1964, as amended.

6. The unlawful practices of discrimination in employment alleged herein were committed within the State of Florida.

7. All conditions precedent to jurisdiction in this forum have occurred or have been complied with, to wit:  **Moore** filed her Charge of Discrimination with the appropriate Agency; the U.S. Equal Employment Opportunity Commission (EEOC). **Moore** was issued her Notice of Right to Sue, dated March 8, 2022, by the EEOC (*See Exhibit 1 attached*); and this civil action has been commenced within 90 days of said issuance and receipt of same.

## FACTUAL ALLEGATIONS

8. Plaintiff, **Moore**, began her employment with Defendant on October 1, 2015. Her last position held was Senior Analyst, Home Loan Department.

9. Plaintiff **Moore** was a qualified individual with medically diagnosed disabilities; specifically back pain and panic attacks, while employed with the Defendant **Bank**, and Defendant **Bank** was aware of Plaintiff **Moore's** stated disabilities.

10. During her work tenure with Defendant **Bank**, Plaintiff **Moore** required, requested, and was approved by Defendant **Bank** for intermittent FMLA leave for her back pain and panic attacks.

11. During her work tenure with Defendant **Bank**, Plaintiff **Moore** applied for; and was granted, **childcare credit benefits**, which program the **Bank** had newly initiated for its employees around the beginning of the COVID-19 pandemic period.

12. Between November 2020 and April 2021, Plaintiff **Moore** was out from her work/job due to bereavement leave (death of her Grandmother) and her COVID-19 illness.

13. While Plaintiff **Moore** was out on work leave delineated in the preceding paragraph, Defendant **Bank** ceased affording her the aforementioned **childcare credit benefits**.

14. When Plaintiff **Moore** returned to work, she reached out to her Supervisor, **Anthony Dinardo** and Assistant Supervisor, **Quianna Collier**, to address any issues Defendant **Bank** had with abruptly ceasing her **childcare credit benefits**. She was advised to contact Human Resources (HR).

15. Following from her conversations referenced in the preceding paragraph with her Supervisor and Assistant Supervisor, Plaintiff **Moore** contacted Defendant's Human Resources Department, which indicated that she was apparently qualified for the Company's **childcare credit benefits** under her existent circumstances.

16. Upon her return to work from her absence due to COVID, Plaintiff **Moore** again contacted Defendant's Human Resources Department concerning her eligibility for the **childcare credit benefits** when she was advised of a pending investigation.

17. Plaintiff **Moore** was later contacted by the company's legal department and advised that employees were abusing the **childcare credit benefits**.

18. Plaintiff **Moore** was asked to repay monies received although/notwithstanding she had no knowledge of any wrongdoing.

19. Plaintiff **Moore** provided to the Defendant **Bank**; as requested, proof that she paid for childcare.

20. On June 22, 2021, Plaintiff **Moore's** employment with Defendant **Bank** was terminated apparently based on some Company-initiated modification to the eligibility requirement of the Company's **childcare credit benefit**; a benefit to/for which Plaintiff **Moore** was properly eligible at it's inception.

21. To her knowledge, Plaintiff **Moore** was the only person targeted and terminated due to receipt of the **childcare credit benefit**.

22. Based on Plaintiff Moore's knowledge and belief, her co-employee and comparator, **Marquita Kelly**; who, like Plaintiff, also received Defendant's **childcare credit benefit**, was not likewise terminated for doing so.

23. The policy language limiting employee eligibility for Defendant's **child care credit benefit** was summarily modified and published and; without fair notification, used against Plaintiff, who was clearly eligible under the benefit as initially published, once Plaintiff was out on bereavement/COVID 19 illness.

24. Plaintiff **Moore** was also told that her medical leave was questioned during the investigation.

## JURISDICTION AND FIRST CLAIM FOR RELIEF

25. Plaintiff, **Moore**, realleges paragraphs 8 through 24 as if specifically plead herein, and further states.

26. Plaintiff's first claim for relief is brought, and jurisdiction lies, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq* ("ADA") and Chapter 760, Fla. Stat. prohibiting **discrimination** against **disabled individuals** in employment.

27. Defendant recognized/acknowledged **Moore's** two delineated/documented disabilities/medical conditions, and initially reasonably accommodated same.

28. Defendant eventually stopped reasonably accommodating **Moore's** two delineated/ documented disabilities/medical conditions when she became ill with COVID-19 and required use of the Bank's FMLA benefit, and instead began disciplining her in retaliation - as a direct result of her two delineated/documented disabilities/medical conditions of which Defendant could and should have continued to reasonably accommodate her for.

29. At the time in question Defendant discriminated against Plaintiff because of her two delineated/documented disabilities/medical conditions by not continuing to consistently accord her requested reasonable accommodation, and by and in the manner in which it interfered with her FMLA benefits.

30. At all times relevant to the allegations of this lawsuit, Plaintiff **Moore** was a qualified individual under Title I of the ADA, and under the FCRA.

31. At the time Defendant discriminated against Plaintiff because of her two delineated/documented disabilities/medical conditions by not consistently according her requested reasonable accommodation; and by the discriminatory manner in which it handled her FMLA requests, Plaintiff's two delineated/documented disabilities/medical conditions substantially affected one or more of her major life activities and/or Plaintiff had a record of having an impairment and/or was being regarded by Defendant as having an impairment as required under Title I of the ADA and under the FCRA.

32. At the time Defendant discriminated against Plaintiff because of her two delineated/documented disabilities/medical conditions by not consistently according her requested reasonable accommodation; and by the discriminatory manner in which it handled her FMLA requests, Plaintiff could have substantially performed the major functions of her job with reasonable accommodation as required under Title I of the ADA, and under the FCRA.

33. Consistent, reasonable accommodation was requested of Defendant by Plaintiff, in lieu of the aforedescribed continued employment discrimination, notwithstanding which requests, the discrimination continued.

34. Defendant discriminated against Plaintiff, as aforedescribed, because of her two delineated/documented disabilities/medical conditions, notwithstanding its full knowledge of same.

35. Defendant's discrimination against Plaintiff because of her two delineated/documented disabilities/medical conditions by not consistently according her requested reasonable accommodation; and in the discriminatory manner in which it handled her FMLA requests, was calculated to; and did, cause Plaintiff to suffer loss pay,

humiliation, mental anguish and emotion and physical distress.

## JURISDICTION AND SECOND CLAIM FOR RELIEF

36. Plaintiff, **Moore**, realleges paragraphs 8 through 35, as if specifically plead herein, and further states.

37. **Moore's** second claim for relief is brought, and jurisdiction lies, pursuant to 29 U.S.C.§ 2615, prohibiting interference with; or termination of, employment based on **protected FMLA leave** and for prohibited **FMLA retaliation**.

38. At all times relevant to the allegations herein, **Moore's** was an "employee" of Defendant within the meaning of 29 U.S.C.§ 2611(2)(A).

39. At all times relevant to the allegations herein, Defendant was an "employer" of **Moore** within the meaning of 29 U.S.C.§ 2611(4)(A).

40. At all times relevant to the allegations herein, **Moore** was considered by Defendant to have suffered a "serious condition" as defined by the FMLA.

41. Here, Plaintiff **Moore's** employment was terminated by Defendant in retaliation for her having engaged in the protected activity of seeking FMLA benefits in the first instance; benefits to which she was rightfully and lawfully entitled.

42. Here, the Defendant's interference with **Moore's** protected FMLA benefits or leave and/or termination of **Moore's** employment notwithstanding her available, protected FMLA benefits or leave, and Defendant's retaliation against **Moore** for seeking such benefits by and through terminating her employment were calculated to; and did, cause **Moore** to suffer loss pay and benefits, humiliation, mental anguish, and emotional distress.

## JURISDICTION AND THIRD FOR RELIEF

43. Plaintiff, **Moore**, realleges paragraphs 8 through 42, as if specifically plead herein, and further states.

44. **Moore's** third claim for relief is brought, and jurisdiction lies, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), prohibiting **discriminatory discharge**.

45. Defendant intentionally discriminated against **Moore**, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), by discriminatorily discharging her because of her disability.

46. **Moore's** discharge was based on her disabilities/medical conditions and, thus, was in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA); Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq* ("ADA") and Chapter 760 of the Florida Civil Rights Act of 1992, as amended ("FCRA"); and in violation of the Family Medical Leave Act.

47. The discriminatory discharge of **Moore** by Defendants as aforedescribed was calculated to; and did, cause **Moore** to suffer loss pay and benefits, humiliation, mental anguish, and emotional distress.

WHEREFORE, **Moore** respectfully pray that this Honorable Court will advance this case upon the docket; order a speedy jury trial on all issues so triable by jury at the earliest practicable date; cause this case to be in every way expedited, and upon such hearing, award her the following relief as against Defendant:

A. Order Defendant to reinstate her to her job position;

B. Enjoin Defendant from further discriminatory and/or retaliatory acts against her;

C. Grant her back pay, including lost benefits, she would have received had she not suffered the discriminatory discharge from her employment as delineated herein;

D. Award her compensatory damages for humiliation, mental anguish, pain and suffering and any other compensatory damages which this Court; in its wisdom, feels is just and proper, based on the proof in these proceedings;

E. Enter judgment for Plaintiff for reinstatement of her job, and award her monetary losses she sustained, including benefits, raises, reasonable attorneys fees and costs, and liquidated damages in an additional amount equal to the sum of her actual damages plus interest pursuant to 29 U.S.C.§ 2617, and

F. Award to her reasonable attorney's fees and costs of this action.

Respectfully submitted,
**Maxie Broome, Jr., P.A.**

/s/Maxie Broome, Jr.
Maxie Broome, Jr., Esquire
Florida Bar No.: 0250201
P.O. Box 371
Bartow, Florida 33831
(904) 382-2434 (telephone)
mbroomelaw@aol.com (email)
Attorney for Plaintiff